

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

C-SHELL NAVIGATION S.A. PANAMA,

Plaintiff,

-against-

MAK GROUP and MOHAMAD ALI
KESSERWANI a/k/a MOHAMED ALI
KESSERWANI,

Defendants.

---

**07 CV 6541 (McMahon)**

AMENDED COMPLAINT

---

**PLEASE TAKE NOTICE** that Plaintiff, C-SHELL NAVIGATION S.A. PANAMA,

("C-SHELL"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against

Defendants, MAK GROUP and MOHAMAD ALI KESSERWANI a/k/a MOHAMED ALI

KESSERWANI ("MAK," "KESSERWANI" or "Defendants" collectively), alleges, upon

information and belief, as follows:

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is based upon 28 U.S.C. § 1333, as

well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

2.      Plaintiff is a legal entity duly organized and existing pursuant to the laws of a

foreign country.

3.      Defendant MAK is a business entity organized and existing pursuant to the laws

of a foreign country with offices and a place of business located at Bir Hassan Sara Panama

Bldg., 3rd Floor, Beirut, Lebanon.

4.      Defendant MAK is a business entity organized and existing pursuant to the laws

of a foreign country with offices and a place of business located in Maputo, Mozambique.

5.      Defendant MOHAMAD ALI KESSERWANI a/k/a MOHAMED ALI

- 1 -

KESSERWANI is a natural person conducting business through Defendant MAK.

6.  Upon information and belief, Defendant MAK is an entity wholly or partly owned by Defendant KESSERWANI.

7.  Upon information and belief, Defendant KESSERWANI uses Defendant MAK as a conduit to pay its debts and obligations and is otherwise an alter ego of Defendant KESSERWANI, and vice versa.

8.  Upon information and belief, MAK is a shell corporation through which Defendant KESSERWANI conducts business, and vice versa.

9.  Upon information and belief, MAK has no separate, independent identity from Defendant KESSERWANI, and vice versa.

10.  Upon information and belief, Defendant MAK is the alter ego of Defendant KESSERWANI because KESSERWANI dominates and disregards MAK's corporate form to the extent that KESSERWANI is actually carrying on the business and operations of MAK, as if they were his own, or vice versa.

11.  Upon information and belief, KESSERWANI acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant MAK and/or receives payments being made to Defendant MAK, or vice versa.

12.  Upon information and belief, Defendants are affiliated to such extent that Defendant KESSERWANI is now or will soon be holding assets belonging to Defendant MAK, or vice versa.

13.  Upon information and belief Defendants are partners and/or joint venturers.

14.  Upon information and belief Defendant KESSERWANI is a successor in interest to MAK, and therefore responsible for any and all debts incurred in the course of MAK's business, including such debt underlying this Complaint, or vice versa.

15.  On or about November 27, 2006, Plaintiff, as chartered-owner, and Defendants MAK GROUP and MOHAMAD ALI KESSERWANI a/k/a MOHAMED ALI KESSERWANI, as charterer, entered into a charter agreement for the use of the M/V AIUD.

16.    Plaintiff complied with each and every requirement imposed by the agreement between the parties.

17.    Defendants wrongfully, willfully, negligently and/or fraudulently breach the terms of the subject charter agreement by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

18.    As a result of Defendants' breach of the subject charter agreement, Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendants are liable under the terms of the charter agreement.

19.    Plaintiff has placed Defendants on notice of its claim that Defendants have breached the subject charter agreement.

20.    Despite Plaintiff's repeated demands, Defendants have failed to pay the amounts due and owing to Plaintiff under the charter agreement.

21.    Pursuant to the charter agreement, disputes are to be settled by arbitration, and Plaintiff has commenced or will shortly commence arbitration against Defendants, accordingly.

22.    Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

23.    As a result of Defendants' breach of the charter agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts, exclusive of interest, by way of arbitral award:

| | |
|---|---|
| Principal Claim | $250,779.00 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $100,000.00 |
| **Total** | **$350,779.00** |

24.     Plaintiff notes that the above claim figures constitute estimates derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

25.     Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

26.     All conditions precedent required of Plaintiff in the aforesaid charter agreement have been performed.

27.     Defendants MAK GROUP and MOHAMAD ALI KESSERWANI a/k/a MOHAMED ALI KESSERWANI cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., Lebanese Canadian Bank, American Express Bank Ltd., Habib Bank Ltd., Bank of Beirut, and/or DBS Bank Ltd, which are believed to be due and owing to Plaintiff.

28.     For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions

including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against Defendants MAK GROUP and MOHAMAD ALI KESSERWANI a/k/a MOHAMED ALI KESSERWANI, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court directs the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., Lebanese Canadian Bank, American Express Bank Ltd., Habib Bank Ltd., Bank of Beirut, DBS Bank Ltd., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $350,779.00 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D.    That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, NY

November _5_, 2007

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Plaintiff
C-SHELL NAVIGATION S.A. PANAMA

By: _____
Jorge A. Rodriguez (JR 2162)
111 Broadway, 10th Floor
New York, NY 10006
Tel. (212) 385-1422
Fax (212) 385-1605
File No. 12/3428

## SERVICE LIST

MAK GROUP and MOHAMAD ALI
KESSERWANI a/k/a MOHAMED ALI
KESSERWANI
Bir Hassan Sara Panama Bldg., 3rd Floor,
Beirut, Lebanon

<u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK    :
                        : SS.:
COUNTY OF NEW YORK  :

1.     My name is JORGE A. RODRIGUEZ.

2.     I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.     I am the attorney for Plaintiff, C-SHELL NAVIGATION S.A. PANAMA, in this action. I am fully authorized to make this Verification on its behalf.

4.     I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.     The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6.     The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: New York, New York

November 5, 2007

Jorge A. Rodriguez (JR 2162)